UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRANDYN LAWRENCE BODEWIG,

Plaintiff,

v.

DOLLY MATTEUCCI; KRISTI HENNEN; PATRICK M. ALLEN; WILLIAM MORRIS,

Defendants.

Case No. 6:19-cv-01879-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

Plaintiff, appearing pro se and in forma pauperis, filed suit pursuant to 42 U.S.C. § 1983 and alleged deliberate indifference to his serious medical needs in violation of his federal constitutional rights. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff received medically adequate care for his impairments and no genuine issues of material fact preclude summary judgment. For the reasons explained below, defendants' motion is granted.

1 -   OPINION AND ORDER

DISCUSSION

Plaintiff is currently in the custody of Oregon State Hospital (OSH) in Junction City, Oregon, and he has been in state custody since January 2005 pursuant to a finding of guilty except for insanity. Plaintiff alleges that defendants have misdiagnosed his ailments and denied him adequate medical care during his time in custody. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("An inmate must rely on prison authorities to treat his medical needs").

Defendants move for summary judgment on grounds that plaintiff cannot establish deliberate indifference to his medical needs. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

As an initial matter, many of plaintiff's complaints involve his medical treatment prior to 2017. Claims arising before 2017 are beyond the two-year statute of limitations and are time-barred. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations...show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal"). Thus, plaintiff's claims are limited to medical treatment he has received since 2017.

Between 2017 and 2020, plaintiff complained of various ailments to OSH staff, including: an infected, ingrown toenail; a perceived infectious disease; tightness, redness, and pain in his lower extremities; dizziness and blurred vision; a neck rash; and an ear infection. Hennan Decl. ¶ 7 & Att. 1 at 2245-46, 2626, 2662, 4965-66, 6129, 6140, 6373, 6502-12, 8351, 14156-57. In response, OSH staff examined plaintiff regularly, provided medical care for his

symptoms, and arranged consultations with outside medical providers to treat his infected toenail and assess the possibility of an infectious disease. *Id.* ¶ 8 & Att. 1 at 2245-46, 2626-27, 4631, 4962-66, 6129, 6131, 6373, 6502-12, 8076, 8261, 8328-31, 9131-32, 12736. After reviewing laboratory results, the outside specialist confirmed that plaintiff did not have an infectious disease. *Id.* ¶ 8 & Att. 1 at 8840, 9004. Further, during this time period, OSH staff checked plaintiff's vital signs on a monthly basis and performed bloodwork and other laboratory testing in response to his complaints. Hennan Decl. ¶ 9 & Att. 1 at 8840, 9114, 9224-61, 12743.

Plaintiff was also seen regularly by mental health providers, at least one of whom suggested that plaintiff's physical symptoms were related to his mental health. *See* Morris. Decl. ¶¶ 12, 18 (stating that plaintiff "most likely is experiencing somatic delusions regarding his belief that he has had a chronic infection since approximately 2002" and noting "the lack of objective data"); *see also* Walker Decl. ¶¶ 9, 12, 16 (indicating that plaintiff has a "longstanding preoccupation with sources of disease and harm [which] is consistent with paranoid ideation and the pain and physical distress he claims to experience appear to be psychosomatic in origin"). According to Dr. Kristi Hennan, plaintiff's medical records, vital signs, and laboratory testing show that plaintiff "does not appear to be suffering from a chronic medical condition requiring immediate attention." *Id.* ¶ 13.

Despite the medical treatment he has received, plaintiff contends that OSH staff ignored his complaints and symptoms and failed to adequately diagnose and treat his medical conditions.

To sustain a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, plaintiff must establish the existence of "a serious medical need" and show that "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need exists if "the failure to treat a prisoner's

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citation omitted). A "prison official acts with 'deliberate indifference...only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted).[1] Deliberate indifference may be demonstrated by the denial of or intentional interference with medical treatment, or by the manner in which medical treatment is provided. *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The record makes clear that plaintiff received adequate medical treatment in response to his complaints. *See* Hennan Decl. & Att. 1; Morris Decl. & Att. 1; Walker Decl. As described above, plaintiff had numerous appointments with OSH medical providers, obtained prescription medications, received consultations and treatment from outside medical providers, and was given a battery of laboratory tests. Plaintiff's OSH providers addressed his belief that he suffered from a chronic illness and referred him to an outside physician, who found no evidence to support a chronic infectious disease. *E.g.,* Morris Decl. ¶¶ 9-11. Plaintiff's OSH providers likewise found no objective medical evidence to support the diagnosis of a chronical illness and opined that plaintiff's physical symptoms were related to his mental health. *See* Morris. Decl. ¶¶ 12, 18.

Plaintiff does not dispute that he received regular medical care from OSH providers. *See* Pl.'s Resp. at 16-17. Rather, plaintiff disagrees with the conclusions of his medical providers

---

[1] Plaintiff also purports to bring a claim for deliberate indifference under the Fourteenth Amendment and cites the applicable objective standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118 (9th Cir. 2018). However, pretrial detainees may bring such claims under the Fourteenth Amendment, and plaintiff is not a pretrial detainee. *Id.* at 1124-25 (holding that claims alleging inadequate medical care "brought by pretrial detainees against individual defendants under the Fourteenth amendment" are evaluated under an objective deliberate indifference standard). Moreover, plaintiff cannot prevail on his claim even if the objective standard applies, because he fails to show that "a reasonable official in the circumstances would have appreciated the high degree risk involved" and failed to take measures to abate that risk. *Id.* at 1125.

argues that they misdiagnosed his ailments, which has led to a lack of adequate treatment for his continuing symptoms. *Id.* at 24.

Plaintiff's disagreement with his medical providers cannot sustain a claim for deliberate indifference. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). It is well established that a "'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Rather, plaintiff must show that his medical treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby*, 821 F.3d at 1092 (citation omitted).

Based on the undisputed facts of record, plaintiff cannot make this showing. At most, plaintiff alleges that his OSH medical providers were negligent in misdiagnosing his chronic symptoms. However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi*, 391 F.3d at 1057 (citation omitted).

Alternatively, defendants are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted). Plaintiff's medical providers examined him regularly, addressed his complaints, and referred him to outside physicians. Reasonable state officials in defendants' position would not have known that their medical treatment would constitute deliberate indifference to plaintiff's medical needs under the Eighth Amendment.

CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 21) is GRANTED, and this action is DISMISSED.

DATED this 30th day of March 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
